UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WENDY WINTER SHAFF,

    Plaintiff,

v.                                                              Case No:   6:15-cv-1350-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER[1]

This matter comes before the Court on Defendant's Motion for Entry of Judgment with Remand (Doc. 17). The Commissioner of Social Security requests that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) so that she can take further administrative action. Plaintiff Wendy Winter Shaff has filed a response in opposition to the motion (Doc. 18) and, at the Court's request, the Commissioner has filed a reply (Doc. 20).

Plaintiff applied for Social Security disability insurance benefits and supplemental security income. The administrative law judge (ALJ) issued a partially favorable decision on February 5, 2015 (Tr. 21-35). The ALJ determined that Plaintiff was not disabled prior to June 1, 2014, but found that she became disabled on that date and continued to be disabled through the date of the decision (Tr. 13, 34). The Appeals Council denied review of the ALJ's decision and on August 14, 2015, Plaintiff asked the Court to review

---

[1] On December 4, 2015, both parties consented to the exercise of jurisdiction by a magistrate judge (Doc. 12). The case was referred to me by an Order of Reference on December 16, 2015 (Doc. 15).

the Commissioner's partially unfavorable decision (Doc. 1).   After the Commissioner answered (Doc. 11), she motioned the Court to remand the case so that the ALJ,

> will give further consideration to Plaintiff's maximum residual functional capacity during the entire period at issue, provide rationale with specific references to evidence of record in support of assessed limitations, and evaluate the opinion evidence of record.   The ALJ should evaluate all the medical evidence of record to determine whether the evidence clearly establishes an onset date of disability and discuss the evidence on which she relies if the evidence does clearly establish an onset date.   If precise evidence is not available and the onset date must be inferred, the ALJ should obtain evidence from a medical expert to clarify the date of onset.

(Doc. 17 at 1).

Plaintiff opposes the motion on the grounds that: (1) remand would vacate the partially favorable disability decision she has already received; (2) remand "would amount to judicial imposition of factfinding that violates statutes and regulations;" (3) the Court does not have sufficient information to make an informed decision; (4) the motion is not permitted by the Case Management and Scheduling Order; (5) the Commissioner is asking the Court to vacate and remand her own decision awarding benefits; and (6) the relief the Commissioner seeks is not available under sentence four of 42 U.S.C. § 405(g) (Doc. 18).

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the case for a rehearing.   Shalala v. Schaefer, 509 U.S. 292 (1993).   Upon remand under sentence-four, the ALJ must review the complete case record, including any new material evidence. Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984); Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983).   Ordinarily when a case is remanded, the ALJ is not bound by

her prior decision.  See Campbell v. Bowen, 822 F.2d 1518, 1522 (10th Cir. 1987); see generally Gibbs v. Barnhart, 130 F. App'x 426, 430 (11th Cir. 2005) ("Because the Appeals council vacated the first ALJ's written decision with instructions for the ALJ to obtain and consider additional evidence, the specific findings contained in that first written decision were never conclusively established and were subject to modification."); Houston v. Sullivan, 895 F.2d 1012, 1015 (5th Cir. 1989) ("Once the case was remanded to the ALJ to gather more information about the extent of Houston's disability, the ALJ was free to reevaluate the facts.").

    The Court has the authority to limit the scope of remand to the Commissioner by specifying the actions to be, and not to be, taken by the ALJ.  Thompson v. Astrue, 583 F. Supp. 2d 472, 475 (S.D.N.Y. 2008) (citing Sullivan v. Hudson, 490 U.S. 877, 885 (1989) ("[T]he district court's remand order will often include detailed instructions concerning the scope of the remand....  Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.")); see Ischay v. Barnhart, 383 F. Supp. 2d 1199, 1214-1218 (C.D. Cal. 2005) ("ALJs have acknowledged throughout the years that the remand instructions they receive from the federal district court are the law of the case.").  In other words, the Commissioner is implicitly limited by any findings of the district court regarding the application for disability benefits.  Thompson, 583 F. Supp. 2d at 475; Leonard v. Astrue, Case No. 2:08-cv-871-FtM-29SPC, 2010 U.S. Dist. LEXIS 5191, at *11 (M.D. Fla. Jan. 22, 2010) ("On remand, the Commissioner is required to follow the district court's remand order in the subsequent administrative proceeding; deviation from the district court's order is itself legal error subject to reversal on further judicial review.").

If the ALJ committed legal error that should not give Plaintiff a vested right to receive the benefits of the ALJ's decision.  Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 200-01, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).   In her answer, the Commissioner denies that Plaintiff has shown good cause to warrant remand (Doc. 11), and in her motion, the Commissioner has not identified or admitted error by the ALJ (Doc. 17).   The Commissioner simply asks that the ALJ be allowed another opportunity to consider the case, better articulate the rationale for the ALJ's decision, and possibly obtain new evidence to clarify Plaintiff's onset date.   Plaintiff does not seek reversal of the benefits she has been awarded.   And, the Commissioner acknowledges that on remand, one of the ALJ's options will be to render a new decision that preserves the current award of benefits (Doc. 20).   In sum, the motion, response, and reply do not permit a finding that the ALJ committed legal error when she awarded benefits to Plaintiff.

In the absence of a showing that the ALJ committed reversible error the Court is not persuaded that the Commissioner should be allowed to revisit that part of the ALJ's decision awarding Plaintiff benefits.    Under these circumstances, it would be unfair to Plaintiff to allow the Commissioner to reevaluate the case in its entirety, and possibly deny Plaintiff the benefits she is receiving.   The Court is not persuaded by Plaintiff's arguments that the ALJ should not otherwise be given another opportunity to examine the record, obtain new evidence, and better articulate her findings so long as that process does not result in a denial of the benefits Plaintiff is currently receiving.

Accordingly, it is **ORDERED** that:

(1) The Commissioner's motion to remand is **GRANTED**, **with the following limiting instructions**: (a) the scope of the Commissioner's reconsideration is limited to the period

- 4 -

of time prior to June 1, 2014; (b) the Commissioner may consider and find an earlier onset date, but she may not find a later onset date; and (c) the Commissioner may not find that Plaintiff has never been disabled.

(2) With these limiting instructions, the action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

(3) The Clerk is directed to **ENTER JUDGMENT** accordingly, **TERMINATE** any pending motions, and **CLOSE** the file.

(4) The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.   Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that the notice has been received.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record